FILED
SUPERIOR COURT
OF GUAM

2021 FEB 15 PM 3: 42

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **JAPAN BUS LINES, LLC,** | **Civil Case No. CV0514-20** |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| | **DENYING DEFENDANT'S** |
| **H.I.S. GUAM, INC.,** | **MOTION TO DISMISS COMPLAINT** |
| Defendant. | |

**INTRODUCTION**

This matter came before the Honorable Alberto C. Lamorena, III on December 28, 2020 for hearing on Defendant H.I.S. Guam, Inc.'s ("Defendant's") Motion to Dismiss Complaint ("Motion"). Attorney Joseph C. Razzano represents Plaintiff, and Attorney Phillip Torres represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

**BACKGROUND**

On July 23, 2020 Plaintiff filed a Complaint for Breach of Contract against Defendant. Plaintiff provides transportation services and Defendant provides tour services. Complaint for Breach of Contract ("Complaint") at 2. In December of 2012, the parties entered into a contract in which Plaintiff was to provide busses and other equipment necessary for Defendant to run its tours ("the Contract"). Id. at 2. The Contract was initially set to expire on March 31, 2018 but was extended to March 31, 2021. Id. at 2.

In March 2020, Shun Matsumoto (President of Plaintiff) spoke with Jun Yano (President of Defendant) regarding the arrival of COVID-19 on Guam. Id. at 3. The parties agreed to reduce the

number of busses assigned to Defendant for March 2020. Id. at 3. Renegotiation attempts concerning the rest of the Contract failed. Id. at 4.

On April 13, 2020, Defendant informed Plaintiff they were not willing to pay the amounts due under the Contract. Id. at 4. Defendant gave written notice of this on May 1, 2020. Id. at 4. Plaintiff terminated the Contract on May 27, 2020, deeming Defendant's non-payment a material breach. Id. at 4. Plaintiff requested $1,076,324.21 in damages, consisting of the April 2020 invoice, May 2020's prorated invoice, and expectation damages. Id. at 4-5.

On October 19, 2020, Defendant filed their Motion to Dismiss Complaint. Defendant argues that the Complaint should be dismissed under a Rule 12(b)(6) theory, for failure to state a claim upon which relief can be granted. Motion at 1-2. Defendant's argument is two-fold. First, Defendant argues that the Contract was frustrated in March 2020 due to the COVID-19 pandemic. Id. at 3. Second, Defendant argues Plaintiff's attempts to renegotiate the Contract between March 2020 through May 2020 breached the Contract's Implied Covenant of Good Faith and Fair Dealing. Id. at 4. Defendant accordingly claims the Complaint fails to allege facts entitling Plaintiff to payment or damages from April 2020 forward. Motion at 3. Plaintiff filed their Opposition to Motion to Dismiss ("Opposition") on November 25, 2020.

The Court held a hearing on December 28, 2020. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Under the Guam Rules of Civil Procedure, a defendant may at any time file a motion for failure to state a claim upon which relief can be granted. GRCP 12(b)(6). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intern. Corp. v. Hanil Engineering & Constr. Co., Ltd.,* 2010 Guam 13 ¶ 52. Any doubts in the pleading should be resolved in the non-moving party's favor. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶ 9. Affirmative defenses do not provide grounds for Rule 12(b)(6) motions unless they are "obvious on the face of the complaint." *Gomez v. Quicken Loans, Inc.*, 629 F.App'x 799, 801

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to decide its merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A Rule 12(b)(6) motion has the effect of admitting the factual allegations, but challenging the plaintiff's right to relief based on those undisputed facts. *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966).

Of course, the Court need not accept bald assertions, "unsupported conclusions and opprobrious epithets" as facts, *Ochoa Realty Corp. v. Faria*, 815 F.2d 812, 814 (1st Cir. 1987), "footless conclusions of law" *Ryan v. Scoggin*, 245 F.2d 54 (10th Cir. 1957), or "sweeping legal conclusions cast in the form of factual allegations", *Blackburn v. FISK University*, 443 F.2d 121 (6th Cir. 1971), and in those circumstances they are entitled to no credence. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

## I. Plaintiff has Pled All Facts Necessary to Sustain a Breach of Contract Action

Defendant claims that Plaintiff failed to plead "facts of work done from April 2020 forward entitling it to payment or damages under the Contract." Motion at 3. To establish a breach of contract claim, a plaintiff must prove "(1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff." *Hemlani v. Hemlani*, 2015 Guam 16, ¶ 19.

For the first element, Defendant recognizes a contract existed between the two parties. Motion at 3.

The second element is satisfied because the Complaint states Plaintiff "has duly performed all of its obligations under the Agreement and has never defaulted on any obligations it owes to" Defendant. Complaint at 3. Since the court must take this fact alleged as true when confronted with a motion to dismiss, the second element is satisfied. *First Hawaiian Bank* at ¶ 9. Defendant argues this is not a fact, rather a conclusory allegation "designed to address the second element without substance." Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss at 4. However, the Complaint lists out all of Plaintiff's obligations by nature of containing the Agreement. Complaint, Ex. A. This is enough to satisfy the second element, as

Courts "must construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank* at ¶ 9.

Element three is satisfied because the Complaint states Defendant failed "to pay for the amounts due in April and May of 2020", materially breaching the Agreement. Complaint at 4. Once again, this is not a conclusory allegation. The Complaint lists out what monthly payment amounts are due, as well as the timing behind their due dates. Complaint, Ex. A. This is a factual statement detailing what the parties agreed to. This is more than a mere unsupported conclusion, and thus enough to satisfy element three.

Element four is satisfied because Plaintiff claims $1,076,324.21 in damages, providing a detailed breakdown of how the requested damages consist of the April 2020 invoice, May 2020's prorated invoice, and expectation damages. Id. at 4-5. The claims for expectation damages are appropriate because a non-breaching party may recover both past and future profits that naturally flow from a breach of contract. *See* 20 G.C.A. § 2201.

Plaintiff Complaint has alleged sufficient facts to support a breach of contract claim, passing each of the four elements laid out in *Hemlani*. As such, the Motion to Dismiss should only be denied if an affirmative defense prevents this otherwise valid claim.

## II. The Affirmative Defenses Defendant Laid Out Are Not Supported By The Complaint

Defendant lays out two affirmative defenses supposedly justifying the dismissal of the otherwise valid Complaint. Defendant argues both that the Contract was frustrated in March 2020 due to the COVID-19 pandemic, and that the Plaintiff breached the implied covenant of good faith and fair dealing when attempting to renegotiate the Contract. Motion at 3-4.

Affirmative defenses do not provide grounds for Rule 12(b)(6) motions unless they are "obvious on the face of the complaint." *Gomez v. Quicken Loans, Inc.*, 629 Fed.Appx. 799, 801 (9th Cir. 2015).

### a. Affirmative Defense of Frustration of Purpose Fails Because Complaint Does Not Allege "Substantial" Frustration

Defendant claims that the Complaint states the elements of a contractual relationship between the two parties whose purpose were frustrated in March 2020.

Motion at 3. Defendant accordingly believes the Complaint fails to allege facts of work done from April 2020 forward entitling Plaintiff to payment or damages under the contract. Id. at 3.

Under the doctrine of commercial frustration, a claimant may rescind a contract if they can prove (1) a frustrated purpose that was that party's "principal purpose" in entering the contract, (2) "substantial" frustration, and (3) "the non-occurrence of the frustrating event must have been a basic assumption on which the contract was made." *NPS, LLC v. Ambac Assur. Corp.*, 706 F.Supp.2d 162, 176 (D.Mass. 2010).

The first element is satisfied because the Complaint makes it clear that the Contract's principal purpose was for Plaintiff to "provide the busses and other equipment necessary to provide the services and maintenance to HIS (Defendant) for its shopping tours". Complaint at 2. Receiving the busses and equipment was Defendant's primary reason for entering into the contract. However as the Complaint goes on to say, tourism and Defendant's customer base shrunk due to "reduced traffic into Guam." Id. at 3. It is clear from the Complaint that Defendant's principal purpose in entering the contract was frustrated. Defendant entered the contract to obtain bussing services for their tourist clientele, but this purpose was frustrated due to the shrinking tourism market.

The Complaint also satisfies the third element, as it indicates the non-occurrence of the COVID-19 pandemic and subsequent loss of tourism was a basic assumption each party made when entering the Contract. As the Complaint indicates, both sides entered negotiations to reduce the number of busses serving Defendant as a result of the lost tourism. Complaint at 3. This indicates the original terms of the Contract were created under the impression of a pandemic-free timeline, and only had to be amended following this unpredictable event's occurrence. The Complaint makes it clear that neither party assumed a once in a century pandemic would hit Guam, and the party's subsequent scrambles to alter the agreement accordingly back this up. Complaint at 3-4.

However, the second element of "substantial" frustration is not met, as it requires more than mere financial hardship. Frustration of purpose does "not permit a party to abrogate a contract, unilaterally, merely upon a showing that it would be financially disadvantageous to perform it." *NPS, LLC* at 177. A defendant cannot rescind the contract merely because it "has become less profitable for the affected party or even that he will sustain a loss." Restatement (Second) Contracts § 265. The Complaint here fails to indicate any "substantial" frustration beyond Defendant's financial hardship. While this financial hardship is nothing to be scoffed at, a litany of Federal Court decisions have similarly found this hardship alone not to excuse a party's nonperformance. *See Lantino v. Clay LLC*, 2020 WL 2239957, at *3 (S.D.N.Y. 2020) (finding inability to pay a settlement agreement due to financial difficulties arising out of the COVID-19 pandemic not to excuse Defendants' nonperformance). Because this second element is not obvious from the Complaint, the doctrine of commercial frustration does not provide grounds for Defendant's Rule 12(b)(6) Motion.

## b. Affirmative Defense of Implied Covenant of Good Faith and Fair Dealing Fails Because Complaint Makes

Defendant also invokes their second affirmative defense of the implied covenant of good faith and fair dealing, arguing Plaintiff breached this covenant during their attempts to renegotiate the Contract between March 2020 through May 2020. Motion at 4-5.

A claimant asserting the breach of the implied covenant of good faith and fair dealing must allege the following elements: (1) the existence of a contract; (2) the defendant did all, or substantially all of the significant things the contract required; (3) the conditions required for the plaintiff's performance has occurred; (4) the plaintiff unfairly interfered with the defendant's right to receive the benefits of the contract; and (5) the defendant was harmed by the plaintiff's conduct. *Marks v. Chicoine*, 2007 WL 160992, at *6 (N.D. Cal. 2007).

While the Complaint certainly pleads enough facts to satisfy element one, the Defendant doesn't cite to any other facts in the Complaint supporting the remaining elements. The Complaint does not indicate Defendant performed all of their obligations. In fact, it outright accuses Defendant of failing to meet their payment obligations. Complaint at 4. Similarly, the Complaint doesn't indicate in any way how Plaintiff interfered with Defendant's rights to receive the benefits of the contract. By all accounts and purposes, Plaintiff was ready and able to provide bussing services for Defendant, regardless of how many tourists would be present to enjoy the ride.

Defendant argues that Plaintiff's tactics when renegotiating the Contract between March through May 2020 breach the implied covenant of good faith and fair dealing. Motion at 4-5. However, these allegations are not part of the Complaint, and the Court may not consider extraneous material outside of the Complaint when making a 12(b)(6) ruling. *See Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 46 (holding review of a 12(b)(6) motion to dismiss limited to the complaint itself). The Court must look only at the Complaint (or exhibits contained within the Complaint) when considering Rule 12(b)(6) motions on affirmative defenses, and when doing it becomes clear that elements constituting the implied covenant of good faith and fair dealing are nowhere to be found within the face of the Complaint. Nowhere in the Complaint did Plaintiff indicate they conditioned negotiations on a three-year Contract extension or upon payment for both April and May 2020. All the Complaint indicates is that Plaintiff threatened to terminate the Contract due to Defendant's supposed non-payment, which would constitute a material breach per the Contract's terms. Complaint, Ex. G. As such, the this defense provides no grounds for Defendant's Rule 12(b)(6) Motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. At this stage of the litigation, Defendant may not rely on the defenses of frustration of purpose or breach of the implied covenant of good faith and fair dealing to dismiss Plaintiff's Complaint. The Court further orders Defendant to plead and eventually prove its defenses.

**IT IS SO ORDERED** this __FEB.15,2021__.



HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

RAZZANO
Torres

Date:_____ Time:_2/15/7_

Deputy Clerk, Superior Court of Guam